Bellospirito v. Department of Justice  Case # Pending    **Document 1**  filed                    January 4, 2020

1  Frank Bellospirito
   C/O 9090 Moody ST. 254
2  Cypress, California Republic
   Email: fpbell@juno.com

3

**F I L E D**
CLERK, U.S. DISTRICT COURT

1/11/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ eva _____ DEPUTY

IFP

**UNITED  STATES  DISTRICT  COURT**
**CENTRAL  DISTRICT  OF  CALIFORNIA**

10                                          ) Case No.   8:21-cv-00051 DOC (DFMx)
                                            )
11  Frank Bellospirito, Sui Juris           ) **Civil Complaint** in the form of an
                                            ) Affidavit,
12                      Plaintiff            )
                                            )  USC 18, § 1512(b)
13  v.                                      )
    Department of Justice,                  )
14                      Defendant           )
                                            )
15  _____        )
                                            )
16           **AFFIDAVIT in TRUTH  and FACTS**

17  I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
    REPUBLIC, IN THE COUNTY CALLED ORANGE (but not "State of" as
18  defined in California Revenue and Taxation Code sections 6017
    and 17018) CALIFORNIA FROM <u>WITHOUT</u> THE "UNITED STATES" DEFINED
19  IN 28 U.S.C. §7701(a) and (10) and ONLY WHEN LITIGATED UNDER THE
    FOLLOWING CONDITIONS THAT THE FOREGOING FACTS, EXHIBITS, AND
20  STATEMENTS MADE BY PLAINTIFF ARE TRUE, ACCURATE, AND COMPLETE TO
    THE BEST OF HIS KNOWLEDGE AND ABILITY IN ACCORDANCE WITH 28
21  U.S.C.§ 1746(1).(1) PLAINTIFF IS COMPETANT FOR STATING THE
    MATTERS SET FORTH HEREWITH;(2) PLAINTIFF HAS PERSONAL KNOWLEDGE
22  ABOUT THE FACTS STATED HEREIN;(3) EVERYTHING STATED IN THE
    PETITION IS THE TRUTH, THE WHOLE THRUTH, AND NOTHING BUT THE
23  TRUTH AND ALL STATED IS TRUE, ACCURATE, COMPLETE, NOT
    MISLEADING, ADMISSIBLE AS EVIDENCE AND IF CALLED UPON WILL
24  TESTIFY TO THERE VERACITY IN A COURT OF LAW.

25  "Diversity of Citizenship" Claim based on Article III, section 2 of the U.S. Constitution and 18 U.S.C. §241-
    Conspiracy against rights of citizens and 42 U.S.C §1983 Deprivation of civil rights,Under the U.S. / California
26  Constitution.                                1

COMES NOW BEFORE THE HONORABLE COURT, Plaintiff, Frank

Bellospirito, MOVES this court to enter an ORDER to CHARGE, and HOLD

Department of Justice in Criminal Contempt for deliberate (with malice)

interference bringing intentional harm to Plaintiff.

## COMPLAINT

Plaintiff Frank Bellospirito sues Defendant, Department of Justice for

money damages arising from Intentional Interference with Advantage,

REMANDING  a State issue to the USDC, involving the IRS. DOJ is expanding

federal jurisdiction into a state of the Union. Remanding case into a federal court in

complete violation of the laws established by Congress. <u>The DOJ will only address</u>

<u>expanding federal jurisdiction into States of the Union.</u> DOJ has NO jurisdiction in

this instance concerning the IRS.

1. IRS, is **NOT** an agency of the Federal Government. This statement is

   supported by  **Title 31. U.S.C. ch. 3 and Title 31 U.S..C. §1321(2)**

   **(62).** , Confirms United States CANNOT be substituted as a party to

   the suit.

2. **Rule 54 (c) of the <u>Federal Rules of  Criminal Procedure</u> (prior   to Dec. 2002, wherein is defined) states:** *"Act of Congress" includes any act of Congress <u>locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession.</u>* and **NOT ELSEWHERE!** DOJ Manual 9-20-000 further limits its jurisdiction.

"Diversity of Citizenship" Claim based on Article III, section 2 of the U.S. Constitution and 18 U.S.C. §241-
Conspiracy against rights of citizens and 42 U.S.C §1983 Deprivation of civil rights,Under the U.S. / California
Constitution.                                                       **2**

**Complaint further states:** The DOJ, used contention and presumption instead of

law, **(Statutes at Large, 68 A (after 1939)**), Acts of Congress and clearly violated

**United States Code 18 §1512(b)** stated here; Whoever knowingly uses

intimidation, threatens, or corruptly persuades another person, or attempts to do so,

or engages in misleading conduct toward another person, within to - (1) influence,

delay, or prevent the **testimony** of any person in an official proceeding; (2) cause

or induce any person to – (A) withhold testimony, or **withhold a record**,

**document**, or other object, **from an official proceeding;** (B) **alter, destroy,**

**mutilate, or conceal** an object within tent to impair the object's **integrity or**

**availability for  use in an official proceeding**;... shall be fined under this title or

imprisoned not more than 20 years, or both. (3) … (c) Whoever corruptly-- (1)

**alters, destroys,mutilates, or conceals a record, document,** or other object, or

**attempts to do so**, with the intent to **impair the object's integrity or availability**

**for use in an official proceeding**; or (2) otherwise **obstructs, influences, or**

**impedes any official proceeding**, or attempts to do so, shall be fined under this

title or imprisoned not more that 20 years, or both. This is evidenced in Ninth

Circuit Appeals, case # 19-55053, May 16, 2019. Appellant filed  doc. #2 filed

February 9, 2019 with supporting evidence ( table of contents provided). **The**

**Complaint is being filed to prevent the DOJ  from remanding all cases filed by**

**Plaintiff Frank Bellospirito in State Court (has jurisdiction) to federal court**

"Diversity of Citizenship" Claim based on Article III, section 2 of the U.S. Constitution and 18 U.S.C. §241-
Conspiracy against rights of citizens and 42 U.S.C §1983 Deprivation of civil rights,Under the U.S. / California
Constitution.                                                          3

**(does not have jurisdiction) concerning IRS / FTB. With my next suit against the IRS, holding the DOJ Accountable under the law.**

## JUDICIAL ALIGATIONS:

1. This is an action for money damages in excess of $25,000.00

2. At all times to the lawsuit, Frank Bellospirito is a resident of Orange County, California Republic, (not state of). Present by "Special Appearance".

3. At all times material to this lawsuit the Department of Justice has interfered, by acting beyond its delegated authority;

**A. Rule 54 (c) of the <u>Federal Rules of Criminal Procedure</u> (prior to Dec. 2002, wherein is defined) "Act of Congress." Rule 54(c) states:**
*"Act of Congress" includes any act of Congress <u>locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession.</u> and **NOT ELSEWHERE!** DOJ Manual 9-20-000 further limits its jurisdiction.*

**B.** DOJ must represent the Plaintiff, (see DOJ Mission Statement) IRS, is **NOT** an agency of the Federal Government. This statement is supported by **Title 31. U.S.C. ch. 3 and Title 31 U.S..C. §1321(2)(62).** , and can not substitute the United States as defendant. Preventing "Due Process" ,in violation of both State and federal Constitutions and Declaration of Independence.

4. USDC does **NOT** have jurisdiction over this case (<u>see points and authorities, limits on federal court jurisdiction</u>). Plaintiff files in USDC to save time and paper work, USDC must remand this case back to the State court of original jurisdiction. This case involves protected rights under the "Declaration of Independence".

"Diversity of Citizenship" Claim based on Article III, section 2 of the U.S. Constitution and 18 U.S.C. §241-Conspiracy against rights of citizens and 42 U.S.C §1983 Deprivation of civil rights,Under the U.S. / California Constitution.                    4

**5.** All acts necessary or precedent to the bringing of this lawsuit occurred in Orange County, California Republic.

**6.** California Civil Code §22-22.2 States; The common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this State, is the rule of decision in all the courts of this State. This court has jurisdiction.

**7.** Jury trial demanded at all times.

**8.** The Right to amend this complaint as needed.

## GENERAL FACTUAL ALLEGATIONS:

### AFFIDAVIT of TRUTH and FACT

**9.** I have no evidence provided by the government that the Department of Justice and the USDC can operate outside its delegated authority.

**10.** IRS and agent Campbell case # 30-2017-00934628, 8:18-cv-00351-JVS-KES. Was Filed in State Court of California for enforcement of Illegal "Notice of Levy", expanding federal jurisdiction into state of the union.

**11.** I have found no evidence from the Government that supports this action, Department of Justice, moving case to Federal District Court having NO jurisdiction in this instance.

**12.** CONTRACT, requesting the Gov't. , IRS or DOJ, to produce a valid

contract with full knowledge and disclosure signed under penalty of

perjury, obligating Plaintiff to perform under.

**WHEREFORE**, Plaintiff Moves this court for an Order demanding relief,

holding the Department of Justice accountable under the law. Violations include

but not limited to Slavery 13th amendment, California Constitution Article 1, §6,

Declaration of Independence. Department of Justice has done this several times in

the past and must pay for their crimes in the amount of $500,000.00 for its roll

enslaving the Plaintiff, and such other and further relief as the court may deem

reasonable and just under the circumstances.

**CAUSES OF ACTION**

13. **Intentional Interference with Advantage,**   Department of

Justice has a fiduciary **DUTY**, to Plaintiffs Property Rights under the

Laws of Congress, Declaration of Independence, and California

Constitution and has violated this. <u>By, First representing the IRS and</u>

<u>remanding case from State court to USDC, with out legally delegated</u>

<u>authority.</u>

14. **Existence of Advantage,** Department of Justice **BREACHED** that

**DUTY** when they positioned the DOJ , **first** to defend the IRS and its

agents and, **second** moved the Case to Federal District Court, both

counts operating outside their delegated authority authorized by

"Diversity of Citizenship" Claim based on Article III, section 2 of the U.S. Constitution and 18 U.S.C. §241-
Conspiracy against rights of citizens and 42 U.S.C §1983 Deprivation of civil rights,Under the U.S. / California
Constitution.                                                           **6**

Congress.

15. **Knowledge of the Advantage.**   Department of Justice **BREACHED** that **DUTY** by,  (DOJ is responsible to know and follow the law, as written in the DOJ manuals),  the DOJ is responsible to know and understand the laws established by Congress.

16. **Damage,**  depriving Plaintiff of his God given Rights guaranteed by both state and federal Constitutions, Declaration of Independence, Bill of Rights. Right to a speedy trial. Denying Plaintiff of my life, liberty and the pursuit of Happiness, right to own property my labor ( damages are irreprehensible).

The POINTS and AUTHORITIES explain and support in great detail how the Government is intended to function. The DOJ is to provide responses under penalty of perjury**(26 §6065)** to all Factual Allegation, including the following 3 codes sited here.

1. **Title 27 & 26** have been sited by **USC 1,§204** as NON -Positive Law, Special law, Restricted Jurisdiction. Please provide the Government documents supported by Congressional Approval that this is incorrect.

2. **26 USC §7851** Applicability of revenue laws, in short, revenue Laws in the Public sector have been **REPEALED**. Please provide the Government documents supported by Congressional Approval that

"Diversity of Citizenship" Claim based on Article III, section 2 of the U.S. Constitution and 18 U.S.C. §241- Conspiracy against rights of citizens and 42 U.S.C §1983 Deprivation of civil rights,Under the U.S. / California Constitution.                     7

this is incorrect.

3. **Title 27, -** Alcohol, Tobacco, and Firearms; (formerly **27 CFR 250.11, now 27 CFR 26.11**), Subpart B – Definitions, Meaning of terms. Define IRS is <u>NOT</u> an AGENCY of the Federal Government. IRS agents come under The Secretary of the Treasury of Puerto Rico. Please provide the Government documents supported by Congressional Approval that this is incorrect.

4. CONTRACT, please provide the contract that created an obligation for Plaintiff in connection with the IRS, with full knowledge and disclosure signed under penalty of perjury.

Under <u>Federal Rules of Civil Procedure, rule 8(d) you have thirty (30) days / UCC 1-205, thirty (30) days</u>. Avoiding or delaying is **ACQUIESCENCE** and will move for DEFAULT and on to "Wit of Execution".

   WHEREFORE, Plaintiff Moves this court for an Order demanding relief, holding the Department of Justice accountable under the law. Violations include but not limited to Slavery 13th amendment, California Constitution Article 1, §6, Declaration of Independence. Department of Justice has done this several times in the past and must be held accountable under the law of this nation. For their crimes violation of 13th Amendment reducing me to Slavery a peon, causing mental restrictions from having a meaningful life style. Damage resulting to the sum of

"Diversity of Citizenship" Claim based on Article III, section 2 of the U.S. Constitution and 18 U.S.C. §241-Conspiracy against rights of citizens and 42 U.S.C §1983 Deprivation of civil rights,Under the U.S. / California Constitution. **8**

Bellospirito v. Department of Justice   Case # Pending      **Document** 1   filed                    January 4, 2020

$500,000.00 for denying Plaintiff of my Life , liberty, owning property, pursuit of

happiness, and such other and further relief as the court may deem reasonable and

just under the circumstances.

Respectfully,

F. Bellospirito                                           Date,  January 4, 2021


IT IS ORDERED_____Judge,   date_____

"Diversity of Citizenship" Claim based on Article III, section 2 of the U.S. Constitution and 18 U.S.C. §241-
Conspiracy against rights of citizens and 42 U.S.C §1983 Deprivation of civil rights,Under the U.S. / California
Constitution.                                            **9**

# EVIDENCE

26 USC §7851, (9) pgs

27 CFR 26.11 (4) pgs

# 26 U.S. Code § 7851. Applicability of revenue laws

U.S. Code    Notes

**(a) GENERAL RULES** Except as otherwise provided in any section of this title—

## (1) SUBTITLE A

**(A)** Chapters 1, 2, and 6 of this title shall apply only with respect to taxable years beginning after December 31, 1953, and ending after the date of enactment of this title, and with respect to such taxable years, chapters 1 (except sections 143 and 144) and 2, and section 3801, of the Internal Revenue Code of 1939 are hereby repealed.

**(B)** Chapter 3 of this title shall apply with respect to payments and transfers occurring after December 31, 1954, and as to such payments and transfers sections 143 and 144 and chapter 7 of the Internal Revenue Code of 1939 are hereby repealed.

**(C)** Any provision of subtitle A of this title the applicability of which is stated in terms of a specific date (occurring after December 31, 1953), or in terms of taxable years ending after a specific date (occurring after December 31, 1953), shall apply to taxable years ending after such specific date. Each such provision shall, in the case of a taxable year subject to the Internal Revenue Code of 1939, be deemed to be included in the Internal

Revenue Code of 1939, but shall be applicable only to taxable years ending after such specific date. The provisions of the Internal Revenue Code of 1939 superseded by provisions of subtitle A of this title the applicability of which is stated in terms of a specific date (occurring after December 31, 1953) shall be deemed to be included in subtitle A of this title, but shall be applicable only to the period prior to the taking effect of the corresponding provision of subtitle A.

**(D)** Effective with respect to taxable years ending after March 31, 1954, and subject to tax under chapter 1 of the Internal Revenue Code of 1939—

**(i)** Sections 13(b)(3), 26(b)(2)(C), 26(h) (1)(C) (including the comma and the word "and" immediately preceding such section), 26(i)(3), 108(k), 207(a)(1)(C), 207(a)(3)(C), and the last sentence of section 362(b)(3) of such Code are hereby repealed; and

**(ii)** Sections 13(b)(2), 26(b)(2)(B), 26(h) (1)(B), 26 (i)(2), 207(a)(1)(B), 207(a)(3)(B), 421(a)(1)(B), and the second sentence of section 362(b)(3) of such Code are hereby amended by striking out "and before April 1, 1954" (and any accompanying punctuation) wherever appearing therein.

## (2) SUBTITLE B

**(A)** Chapter 11 of this title shall apply with respect to estates of decedents dying after the date of enactment of this title, and with respect to such estates chapter 3 of the Internal Revenue Code of 1939 is hereby repealed.

**(B)** Chapter 12 of this title shall apply with respect to the calendar year 1955 and all calendar years thereafter, and with respect to such years chapter 4 of the Internal Revenue Code of 1939 is hereby repealed.

## (3) SUBTITLE C

Subtitle C of this title shall apply only with respect to remuneration paid after December 31, 1954, except that chapter 22 of such subtitle shall apply only with respect to remuneration paid after December 31, 1954, which is for services performed after such date. Chapter 9 of the Internal Revenue Code of 1939 is hereby repealed with respect to remuneration paid after December 31, 1954, except that subchapter B of such chapter (and subchapter E of such chapter to the extent it relates to subchapter B) shall remain in force and effect with respect to remuneration paid after December 31, 1954, for services performed on or before such date.

### (4) Subtitle D

Subtitle D of this title shall take effect on January 1, 1955. Subtitles B and C of the Internal Revenue Code of 1939 (except chapters 7, 9, 15, 26, and 28, subchapter B of chapter 25, and parts VII and VIII of subchapter A of chapter 27 of such code) are hereby repealed effective January 1, 1955. Provisions having the same effect as section 6416(b) (2)(H),[1] and so much of section 4082(c) [1] as refers to special motor fuels, shall be considered to be included in the Internal Revenue Code of 1939 effective as of May 1, 1954. Section 2450(a) of the Internal Revenue Code of 1939 (as amended by the Excise Tax Reduction Act of 1954) applies to the period beginning on April 1, 1954, and ending on December 31, 1954.

### (5) Subtitle E

Subtitle E shall take effect on January 1, 1955, except that the provisions in section 5411 permitting the use of a brewery under regulations prescribed by the Secretary for the purpose of producing and bottling soft drinks, section 5554, and chapter 53 shall take effect on the day after the date of enactment of this title. Subchapter B of chapter 25, and part VIII of subchapter A of chapter 27, of the Internal Revenue Code of 1939 are hereby repealed effective on the

day after the date of enactment of this title. Chapters 15 and 26, and part VII of subchapter A of chapter 27, of the Internal Revenue Code of 1939 are hereby repealed effective January 1, 1955.

### (6) SUBTITLE F

#### (A) General rule

The provisions of subtitle F shall take effect on the day after the date of enactment of this title and shall be applicable with respect to any tax imposed by this title. The provisions of subtitle F shall apply with respect to any tax imposed by the Internal Revenue Code of 1939 only to the extent provided in subparagraphs (B) and (C) of this paragraph.

#### (B) Assessment, collection, and refunds

Notwithstanding the provisions of subparagraph (A), and notwithstanding any contrary provision of subchapter A of chapter 63 (relating to assessment), chapter 64 (relating to collection), or chapter 65 (relating to abatements, credits, and refunds) of this title, the provisions of part II of subchapter A of chapter 28 and chapters 35, 36, and 37 (except section 3777) of subtitle D of the Internal Revenue Code of 1939 shall remain in effect until January 1, 1955, and shall also be applicable to the taxes imposed by this title. On and after January 1, 1955, the provisions of subchapter A of chapter 63, chapter 64, and chapter 65 (except section 6405) of this title shall be applicable to all internal revenue taxes (whether imposed by this title or by the Internal Revenue Code of 1939), notwithstanding any contrary provision of part II of subchapter A of chapter 28, or of chapter 35, 36, or 37, of the Internal Revenue Code of 1939. The provisions of section 6405 (relating to reports of refunds and credits) shall be applicable with respect to refunds or credits

allowed after the date of enactment of this title, and section 3777 of the Internal Revenue Code of 1939 is hereby repealed with respect to such refunds and credits.

**(C) Taxes imposed under the 1939 Code** After the date of enactment of this title, the following provisions of subtitle F shall apply to the taxes imposed by the Internal Revenue Code of 1939, notwithstanding any contrary provisions of such code:

**(i)** Chapter 73, relating to bonds.

**(ii)** Chapter 74, relating to closing agreements and compromises.

**(iii)** Chapter 75, relating to crimes and other offenses, but only insofar as it relates to offenses committed after the date of enactment of this title, and in the case of such offenses, section 6531, relating to periods of limitation on criminal prosecution, shall be applicable. The penalties (other than penalties which may be assessed) provided by the Internal Revenue Code of 1939 shall not apply to offenses, committed after the date of enactment of this title, to which chapter 75 of this title is applicable.

**(iv)** Chapter 76, relating to judicial proceedings.

**(v)** Chapter 77, relating to miscellaneous provisions, except that section 7502 shall apply only if the mailing occurs after the date of enactment of this title, and section 7503 shall apply only if the last date referred to therein occurs after the date of enactment of this title.

**(vi)** Chapter 78, relating to discovery of liability and enforcement of title.

**(vii)** Chapter 79, relating to definitions.

**(viii)** Chapter 80, relating to application of internal revenue laws, effective date, and related provisions.

### (D) Chapter 28 and subtitle D of 1939 Code

Except as otherwise provided in subparagraphs (B) and (C), the provisions of chapter 28 and of subtitle D of the Internal Revenue Code of 1939 shall remain in effect with respect to taxes imposed by the Internal Revenue Code of 1939.

### (7) OTHER PROVISIONS

If the effective date of any provision of the Internal Revenue Code of 1986 is not otherwise provided in this section or in any other section of this title, such provision shall take effect on the day after the date of enactment of this title. If the repeal of any provision of the Internal Revenue Code of 1939 is not otherwise provided by this section or by any other section of this title, such provision is hereby repealed effective on the day after the date of enactment of this title.

## (b) EFFECT OF REPEAL OF INTERNAL REVENUE CODE OF 1939

### (1) EXISTING RIGHTS AND LIABILITIES

The repeal of any provision of the Internal Revenue Code of 1939 shall not affect any act done or any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause, before such repeal; but all rights and liabilities under such code shall continue, and may be enforced in the same manner, as if such repeal had not been made.

### (2) EXISTING OFFICES The repeal of any provision of the Internal Revenue Code of 1939 shall not abolish, terminate, or otherwise change—

**(A)** any internal revenue district,

**(B)** any office, position, board, or committee, or

**(C)** the appointment or employment of any officer or employee,

existing immediately preceding the enactment of this title, the continuance of which is not manifestly inconsistent with any provision of this title, but the same shall continue unless and until changed by lawful authority.

### **(3) EXISTING DELEGATIONS OF AUTHORITY**

Any delegation of authority made pursuant to the provisions of Reorganization Plan Numbered 26 of 1950 or Reorganization Plan Numbered 1 of 1952, including any redelegation of authority made pursuant to any such delegation of authority, and in effect under the Internal Revenue Code of 1939 immediately preceding the enactment of this title shall, notwithstanding the repeal of such code, remain in effect for purposes of this title, unless distinctly inconsistent or manifestly incompatible with the provisions of this title. The preceding sentence shall not be construed as limiting in any manner the power to amend, modify, or revoke any such delegation or redelegation of authority.

### **(c) CRIMES AND FORFEITURES**

All offenses committed, and all penalties or forfeitures incurred, under any provision of law hereby repealed, may be prosecuted and punished in the same manner and with the same effect as if this title had not been enacted.

### **(d) PERIODS OF LIMITATION**

All periods of limitation, whether applicable to civil causes and proceedings, or to the prosecution of offenses, or for the recovery of penalties or forfeitures, hereby repealed shall not be affected thereby, but all suits, proceedings, or prosecutions, whether civil or criminal, for causes arising, or acts done or committed, prior to said repeal, may be commenced and prosecuted within the same time as if this title had not been enacted.

**(e) REFERENCE TO OTHER PROVISIONS**

For the purpose of applying the Internal Revenue Code of 1939 or the Internal Revenue Code of 1986 to any period, any reference in either such code to another provision of the Internal Revenue Code of 1939 or the Internal Revenue Code of 1986 which is not then applicable to such period shall be deemed a reference to the corresponding provision of the other code which is then applicable to such period.

(Aug. 16, 1954, ch. 736, 68A Stat. 919; Pub. L. 94–455, title XIX, § 1906(b)(13)(A), Oct. 4, 1976, 90 Stat. 1834; Pub. L. 99–514, § 2, Oct. 22, 1986, 100 Stat. 2095; Pub. L. 115–141, div. U, title IV, § 401(a)(335), (336), Mar. 23, 2018, 132 Stat. 1200.)

💼 U.S. Code Toolbox

Law about... Articles from Wex
Table of Popular Names
Parallel Table of Authorities
How current is this?

**ACCESSIBILITY**

**ABOUT LII**

**CONTACT US**

**ADVERTISE HERE**

**HELP**

**TERMS OF USE**

**PRIVACY**

$$\begin{bmatrix} | & | & | \end{bmatrix}$$

[Code of Federal Regulations]
[Title 27, Volume 1]
[Revised as of April 1, 2005]
From the U.S. Government Printing Office via GPO Access
[CITE: **27CFR26.11**] (formerly 27 CFR 250.11)

[Page 689-691]

TITLE 27--ALCOHOL, TOBACCO PRODUCTS AND FIREARMS

CHAPTER I--ALCOHOL AND TOBACCO TAX AND TRADE BUREAU, DEPARTMENT OF THE
TREASURY

PART 26_LIQUORS AND ARTICLES FROM PUERTO RICO AND THE VIRGIN ISLANDS
--Table of Contents

Subpart B_Definitions

Sec. 26.11  Meaning of terms.


    When used in this part and in forms prescribed under this part,
where not otherwise distinctly expressed or manifestly incompatible with
the intent thereof, terms shall have the meaning ascribed in this
section. Words in the plural form shall include the singular and vice
versa, and words importing the masculine gender shall include the
feminine. The terms ``includes'' and ``including'' do not exclude things
not enumerated which are in the same general class.
    Appropriate ATF Officer. An officer or employee of the Bureau of
Alcohol, Tobacco and Firearms (ATF) authorized to perform any functions
relating to the administration or enforcement of this part by ATF Order
1130.29, Delegation Order--Delegation of the Director's Authorities in
27 CFR Part 26, Liquors and Articles from Puerto Rico and the Virgin
Islands.
    Article. Any preparation unfit for beverage use, made with or
containing:
    (1) Wine or beer;
    (2) Distilled spirits or industrial spirits;  or
    (3) Denatured spirits when such preparation is not manufactured
under the provisions of this chapter.
    Bank. Any commercial bank.
    Banking day. Any day during which a bank is open to the public for
carrying on substantially all its banking functions.
    Beer. Beer, ale, porter, stout, and other similar fermented
beverages (including sake or similar products) of any name or
description containing one-half of 1 percent or more of alcohol by
volume, brewed, or produced from malt, wholly or in part, or from any
substitute therefor.
    Bottler. Any person required to hold a basic permit as a bottler
under 27 U.S.C. 203(b)(1).
    Bulk container. Any container having a capacity of more than 1
gallon.
    Bulk distilled spirits. The term ``bulk distilled spirits'' means
distilled spirits in a container having a capacity in excess of 1

gallon.

Bureau of Alcoholic Beverage Taxes. Bureau of Alcoholic Beverage Taxes of the Commonwealth of Puerto Rico.

Business day. Any day, other than a Saturday, Sunday, or a legal holiday. (The term legal holiday includes all holidays in the District of Columbia and all legal holidays in the Commonwealth of Puerto Rico.)

Commercial bank. A bank, whether or not a member of the Federal Reserve System, which has access to the Federal Reserve Communications System (FRCS) or Fedwire. The ``FRCS'' or ``Fedwire'' is a communications network that allows Federal Reserve System member banks to effect a transfer of funds for their customers (or other commercial banks) to the Treasury Account at the Federal Reserve Bank of New York.

Customs officer. Any officer of the Customs Service or any commissioned, warrant, or petty officer of the Coast Guard, or any agent or other person authorized by law or designated by the Secretary of the Treasury to perform any duties of an officer of the Customs Service.

Denatured spirits. Industrial spirits denatured in accordance with approved

[[Page 690]]

formulas in distilled spirits plants established and operated under the provisions of this chapter relating to the establishment and operation of plants qualified to denature spirits in the United States or, in respect of a product of the Virgin Islands, shall also mean spirits denatured in accordance with approved formulas in plants established under the provisions of the Virgin Islands regulations and shall include, unless otherwise limited, both completely and specially denatured spirits.

Director. The Director, Bureau of Alcohol, Tobacco and Firearms, the Department of the Treasury, Washington, D.C.

Director of the service center. A director of an internal revenue service center.

Distilled spirits or spirits. That substance known as ethyl alcohol, ethanol, or spirits of wine, in any form (including all dilutions and mixtures thereof, from whatever source or by whatever process produced), but shall not include industrial spirits as defined in this part except when used in reference to such spirits which would be subject to tax if brought into the United States.

District director. A district director of internal revenue.

District director of customs. The district director of customs at a headquarters port of the district (except the district of New York, N.Y.); the area directors of customs in the district of New York, N.Y.; and the port director at a port not designated as a headquarters port.

Effective tax rate. The net tax rate after reduction for any credit allowable under 26 U.S.C. 5010 for wine and flavor content at which the tax imposed on distilled spirits by 26 U.S.C. 7652 is paid or determined.

Electronic fund transfer or EFT. Any transfer of funds effected by a proprietor's commercial bank, either directly or through a correspondent banking relationship, via the Federal Reserve Communications System (FRCS) or Fedwire to the Treasury Account at the Federal Reserve Bank of New York.

Eligible article. Any medicine, medicinal preparation, food product,

flavor, flavoring extract or perfume which contains distilled spirits,
is unfit for beverage purposes, and has been or will be brought into the
United States from Puerto Rico or the Virgin Islands under the
provisions of 26 U.S.C. 7652(g).

Eligible flavor. A flavor which:

(1) Is of a type that is eligible for drawback of tax under 26
U.S.C. 5134,

(2) Was not manufactured on the premises of a distilled spirits
plant, and

(3) Was not subjected to distillation on distilled spirits plant
premises such that the flavor does not remain in the finished product.

Eligible wine. Wine on which tax would be imposed by paragraph (1),
(2), or (3) of 26 U.S.C. 5041(b) but for its removal to distilled
spirits plant premises and which has not been subject to distillation at
a distilled spirits plant after receipt in bond.

Executed under penalties of perjury. Signed with the prescribed
declaration under the penalties of perjury as provided on or with
respect to the return, claim, form, or other document, or where no form
of declaration is prescribed, with the declaration: ``I declare under
the penalties of perjury that this -------- (insert type of document,
such as statement, report, certificate, application, claim, or other
document), including the documents submitted in support thereof, has
been examined by me and, to the best of my knowledge and belief, is
true, correct, and complete.''

Fiscal year. The period which begins October 1 and ends on the
following September 30.

Gallon or wine gallon. The liquid measure equivalent to the volume
of 231 cubic inches.

Importer. Any person who imports distilled spirits, wines, or beer
into the United States.

Industrial spirits. As to products of Puerto Rico, distilled spirits
produced and warehoused at and withdrawn from distilled spirits plants
established and operated under the provisions of this chapter relating
to the establishment of such plants and the production, bonded
warehousing, and withdrawal from bond of distilled spirits in the United
States, or as to products of the

[[Page 691]]

Virgin Islands, distilled spirits produced, warehoused, and withdrawn
under Virgin Islands regulations.

Kind. As applied to spirits, kind shall mean class and type as
prescribed in 27 CFR part 5. As applied to wines, kind shall mean the
classes and types of wines as prescribed in 27 CFR part 4.

Liquor bottle. A bottle made of glass or earthenware, or of other
suitable material approved by the Food and Drug Administration, which
has been designed or is intended for use as a container for distilled
spirits for sale for beverage purposes and which has been determined by
the appropriate ATF officer to adequately protect the revenue.

Liquors. Industrial spirits, distilled spirits, liqueurs, cordials
and similar compounds, wines, and beer or any alcoholic preparation fit
for beverage use.

Permit. A formal written authorization of the Secretary of the
Treasury of Puerto Rico.

Person. An individual, a trust, an estate, a partnership, an association, a company, or a corporation.

Proof gallon. A gallon of liquid at 60 degrees Fahrenheit which contains 50 percent by volume of ethyl alcohol having a specific gravity of 0.7939 at 60 degrees Fahrenheit referred to water at 60 degrees Fahrenheit as unity or the alcoholic equivalent thereof.

Rectifier. Any person required to hold a rectifier's basic permit under 27 U.S.C. 203(b)(1).

**Revenue Agent. Any duly authorized Commonwealth Internal Revenue Agent of the Department of the Treasury of Puerto Rico.**

**Secretary. The Secretary of the Treasury of Puerto Rico.**

**Secretary or his delegate. The Secretary or any officer or employee of the Department of the Treasury of Puerto Rico duly authorized by the Secretary to perform the function mentioned or described in this part.**

Taxpaid. As used in this part with respect to liquors or articles of Puerto Rican manufacture, includes liquors or articles on which the tax was computed but with respect to which payment was deferred under the provisions of subpart E of this part.

Treasury Account. The Department of the Treasury's General Account at the Federal Reserve Bank of New York.

United States. The States and the District of Columbia.

U.S.C. The United States Code.

Virgin Islands regulations. Regulations issued or adopted by the Governor of the Virgin Islands, or his duly authorized agents, with the concurrence of the Secretary of the Treasury of the United States, or his delegate, under the provisions of 26 U.S.C. 5314, as amended, and Sec. 26.201a.

Wine. Still wine, vermouth, or other aperitif wine, imitation, substandard, or artificial wine, compounds designated as wine, flavored, rectified, or sweetened wine, champagne or sparkling wine, and artificially carbonated wine, containing not over 24 percent of alcohol by volume. Wines containing more than 24 percent of alcohol by volume are classed and taxed as distilled spirits.

(68A Stat. 917, as amended (26 U.S.C. 7805); 49 Stat. 981, as amended (27 U.S.C. 205) Aug. 16, 1954, ch. 736, 68A Stat. 775 (26 U.S.C. 6301); June 29, 1956, ch. 462, 70 Stat. 391 (26 U.S.C. 6301))

[T.D. ATF-48, 43 FR 13551, Mar. 31, 1978]

Editorial Note: For Federal Register citations affecting Sec. 26.11, see the List of CFR Sections Affected, which appears in the Finding Aids section of the printed volume and on GPO Access.

Subpart C [Reserved]

## CERTIFICATE OF DELIVERY

IT IS HEEBY CERTIFY THAT I AM NOT A PARTY TO THIS SUITE ,THAT THIS DOCUMENT, **Cover Sheet, Summons Complaint, Jan. 7, 2021**, SERVED BY FIRST CLASS MAIL, POSTAGE PAID, BY DEPOSITING DOCUMENT INTO THE U.S. POSTAL SERVICE ADDRESSED TO THE FOLOWING ADDRESS OF RECORD;

United States Court of Appeals
for the Ninth Circuit
Office of the Clerk
P.O. Box 193939
San Francisco, California 94119-3939
415-355-8000

USDC. Central District
of California Southern Division
Attn: Clerk of the Court          X
411 West 4th Street, Room 1053
Santa Ana, CA 92701-4516
(714) 338-4750

*Please send me a Filed copy*
*Thank you*
*your getting:*
*/Affid. Truth,*
*Judicial Notice FRE 201(6)*
*Proceed w/o cost*
*Summons /Complant /Cover sheet*
*Point + Auth*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE, C J C
ATTN: **CLERK OF THE COURT**
700 W. Civic Center Drive.
Santa Ana, CA. 92701

U.S. Dept. of Justice
United States Attorney Office
300 North Los Angeles Street, ste. 7211
Los Angles, CA. 90012

United States Department of Justice
411 4th Street  NW
Washington, D. C. 20001
P: 202-727-3400
F:202-347-8922

Case No.     **Pending**
Mailed via U.S. Postal Service On the following        date: January 7, 2021

By *Susan Smyth*

